**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Reem J. Bello, State Bar No. 198840
rbello@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:   (714) 966-1000
Facsimile:   (714) 966-1002

Counsel for Chapter 7 Trustee
Peter J. Mastan

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ALBERT TALASSAZAN,<br><br>            Debtor. | Case No.  2:13-bk-37216-RK<br><br>Chapter 7<br><br>**MOTION FOR ORDER DISALLOWING CLAIM NO. 10-1 (ABRAHAM TALASSAZAN); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF REEM J. BELLO IN SUPPORT THEREOF**<br><br>**DATE:**  September 26, 2017<br>**TIME:**  2:30 p.m.<br>**CTRM:**  1675<br>            255 E. Temple Street<br>            Los Angeles, California 90012 |

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE:**

Peter J. Mastan, duly appointed, qualified and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Albert Talassazan (the "Debtor"), files this *Motion for Order Disallowing Claim No. 10-1 (Abraham Talassazan)* (the "Motion").  In support of the Objection, the Trustee submits the following memorandum of points and authorities and the declaration of Reem J. Bello (the "Bello Declaration").

## I. INTRODUCTION

By this Motion, the Trustee seeks to disallow, in its entirety, Claim No. 10-1 (the "Claim") filed by Debtor's brother, Abraham Talassazan (the "Claimant"), on the grounds that although the Claim indicates it is based on money loaned to Debtor, there is no evidence of a promissory note or other documentary evidence that a loan exists between Debtor and the Claimant. In the event the Court allows the Claim, the Trustee seeks to reduce the amount of the Claim on the grounds that the documentation included with the Claim reflects that of the $1,196,544.71 asserted to have been loaned to Debtor, only the amount of $425,000.00 is supported by documents that reference the word "loan". Most of the documentary evidence attached to the Claim does not reference any loan and some of the documents establish that the payments were not even made to the Debtor. Further, Debtor scheduled the amount owed to Claimant on the Petition Date as $400,000.00, which is far less than the amount asserted by Claimant.

Accordingly, the Trustee requests that the Court grant the Objection and order that the Claim be disallowed in its entirety or, alternatively, that the amount of the Claim be reduced to $400,000.

## II. FACTUAL BACKGROUND

On November 12, 2013 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code. Peter J. Mastan was appointed chapter 7 trustee.

## III. THE CLAIM

A copy of the Claim is attached to this Motion and identified by the Court's docket number pursuant to Local Bankruptcy Rules 3007-1:

| Claim | Claimant | Date Filed | Amount and Classification |
|---|---|---|---|
| 10-1 | Abraham Talassazan | 11-4-14 | $1,196,544.71 General unsecured |

## IV. **MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Bankruptcy Procedure 3001(f) provides in relevant part that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity of the amount of the claim." However, when a claim is not filed in accordance with Rule 3001, it is not entitled to prima facie validity. Fed. R. Bankr. P. 3001(f); *In re Garner*, 246 B.R. 617, 620 (B.A.P. 9th Cir. 2000). Under such circumstances, once a party files an objection to the allowance of the claim, the burden is on the creditor to establish its claim by providing adequate documentation thereof and establishing the claim by a preponderance of the evidence. *See In re Heath*, 331 B.R. 424 (B.A.P. 9th Cir. 2005); *see also Lundell v. Anchor Construction Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000); *Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.)*, 195 B.R. 92, 96 (9th Cir. B.A.P. 1996); *In re Garvida*, 347 B.R. 697, 707 (9th Cir. B.A.P. 2006) ("Once the debtors, as the objecting party, produced counter-evidence rebutting the claim, the burden of going forward would have shifted to [claimant] in the sense that it could provide further evidence to support its claim. The ultimate burden of proof as to the claim's validity and amount in excess of the payments proved by the debtors, however, always remained on [claimant].")

Federal Rule of Bankruptcy Procedure 3001(a) requires that "[a] proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). The applicable Official Form is Form 10. Form 10 requires, among other information, that Claimant attach:

> redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A).

*See* Official Form 10.

Official Form No. 10 requires that a claimant provide information as to the amount of his claim, and its basis. *See Hutton v. Coffman*, 100 F.2d 640, 642 (9th Cir. 1938) ("The proof of unsecured debt filed by the appellant was defective because it failed to itemize the consideration for the debt upon which the claim was filed, merely reciting 'services rendered'. No referee in bankruptcy would be justified in allowing such claim without further particulars."); *Snakard v. Kennedy*, 164 F.2d 299, 302 (7th Cir. 1947) (claim disallowed where claim merely stated debt owed but failed to provide accounting); *In re A.H. Robbins Company, Inc.*, 862 F.2d 1092, 1095 (4th Cir. 1988), *cert. denied*, 110 S. Ct. 331 (1989) ("The form with which a claimant must comply in filing a 'proof of claim' is defined in Bankruptcy rule 3001(a) as 'a written statement setting forth a creditor's claim.' In its Official Forms, the Bankruptcy Rules amplify on this requirement.…Simple notice of a claim accordingly will not satisfy this requirement").

A creditor's "failure to comply with Rule 3001 results in the creditor's proof of claim not being prima facie evidence of the claim's validity and amount." *In re Wingerter*, 594 F3d 931, 941 (6th Cir. 2010) (*citing Heath v. Am. Express Travel Related Servs. Co., Inc.* (*In re Heath*), 331 B.R. 424, 433 (9th Cir. BAP 2005)); *see also Campbell, et al v. Verizon Wireless, et al* (*In re Campbell*), 336 B.R. 430, 432 (9th Cir. BAP 2005). Where a creditor files a proof of claim without all of the documentation required, the "creditor cannot rest on the proof of claim". *Matter of Stoecker*, 5 F3d 1022, 1028 (7th Cir. 1993). Further, "creditors have an obligation to respond to formal or informal requests for information." *Heath*, 331 B.R. at 436. The request for information can "come in the form of a claims objection, if it is sufficiently specific about the information required." *Id.*

**A.    Claimant Has Failed to Meet the Requirements of Rule 3001**

If a claim is based on a writing, "a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). If the writing is not included with the claim, not only is the claim not entitled to prima facie validity pursuant to Rule 3001(f), but the claimant may be precluded from presenting the omitted information, in any form, as evidence in a contested matter. Fed. R. Bankr. P. 3001(c)(2)(D)(i). "[A] creditor must, at a minimum, file

with its proof of claim form . . . a copy of the agreement authorizing the charges and fees included in the claim.  In the absence of that minimum evidentiary presentation, the creditor's claim should be disallowed." *In re Heath*, 331 B.R. at 434, citing *In re Henry*, 311 B.R. 813, 817-818 (Bankr. W.D. Wash. 2004).

Here, by failing to attach the document which forms the very basis for the Claim based upon money loaned – the promissory note - the Claimant has failed to meet the requirements of Bankruptcy Rule 3001.  The Claim also fails to attach any documents indicating whether any payments were made on the asserted "loan".  Therefore, the documentation provided by the Claimant is insufficient to establish (a) that a loan actually existed between Debtor and the Claimant, (b) the original amount of such loan, or (c) the amount of such loan as of the Petition Date.  Because Bankruptcy Rule 3001 requires Claimant to have attached the promissory note, the Trustee requests that the Claim be disallowed entirely.

In the event the Claim is allowed at all, it should be substantially reduced in amount.  A review of the documentation attached to the Claim shows that much of the documentation has no reference to any loan and some of the payments were not even made to Debtor (e.g., the Claim attaches copies of checks issued to Behrouz Shafie, an individual, and to the Law Offices of Michael L. Abrams, for legal services).  The documents attached to the Claim show a total of $425,000 in payments made to Debtor which reference the word "loan".  In addition, one of the documents references "Loan return" which seems to suggest that the Claimant was paying Debtor back for a loan that Debtor made to the Claimant.  If that is the case, then any amounts owed to Claimant would have to be offset by any loans made to Claimant by Debtor.

Finally, in his original bankruptcy schedules, Debtor scheduled the amount of the debt to Claimant as $400,000.  A copy of the relevant portion of Schedule F is attached as Exhibit "A".  Debtor asserts that as of the Petition Date, Claimant was only owed $400,000 which is less than half of what is asserted in the Claim as outstanding.

Based upon the foregoing, the Claim should be disallowed entirely based on the failure to provide evidence of a promissory note establishing that a loan was made to Debtor by the Claimant. Most of the evidence of payments attached to the Claim do not reference a loan and therefore should be considered gifts made by Claimant to Debtor, who is his brother. Moreover, based upon the documents attached to the Claim it appears that Debtor also loaned money to the Claimant and so any amounts owed to Claimant would have to be offset by any loans made to Claimant by Debtor. Therefore, because Claimant has failed to meet his burden, the Claim should be disallowed in its entirety.

Alternatively, if the Claim is allowed, it should be reduced to $400,000. The $400,000 amount is what the Debtor scheduled as owed as of the Petition Date. Moreover, the documentary evidence attached to the Claim only shows payments to Debtor in the amount of $425,000 which reference the word "loan". It is unclear from the Claim whether Debtor made any payments on any alleged loan to Claimant and whether the Claim has been reduced by the amount of these payments. Therefore, it the Court is inclined to allow the Claim, the Claim should be reduced to $400,000 because Claimant's records do not appear complete and fail to establish that the entire amount of the Claim was loans to the Debtor.

## V. RESERVATION OF RIGHTS

The Trustee reserves the right to further object to the Claim on any other grounds to the extent he determines an objection is warranted.

## VI. CONCLUSION

Based upon the foregoing, the Trustee respectfully requests an order:

1.  Granting the Motion;

2.  Disallowing the Claim entirely or, in the alternative, allowing the Claim as a general unsecured claim in the reduced amount of $400,000;

3.  Providing that the order is without prejudice to the Trustee's right to further object to the Claim on any legal or factual basis; and

4.  Granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated: August 23, 2017

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /s/ Reem J. Bello
REEM J. BELLO
Attorneys for Peter J. Mastan,
Chapter 7 Trustee

## **DECLARATION OF REEM J. BELLO**

I, Reem J. Bello, declare as follows:

1. I am a partner in Lobel Weiland Golden Friedman LLP (the "Firm"), counsel for Peter J. Mastan, the chapter 7 trustee of the bankruptcy estate (the "Estate") of Albert Talassazan (the "Debtor"). Except as to statements based on information and belief, I know each of the following facts to be true of my own personal knowledge and based upon information and belief, and if called as a witness, I could and would competently testify with respect thereto. I am submitting this declaration in support of the *Motion for Order Disallowing Claim No. 10-1 (Abraham Talassazan)* (the "Motion"). All terms not expressly defined herein shall have the meanings ascribed to them in the Motion.

2. On November 12, 2013 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code. Peter J. Mastan was appointed chapter 7 trustee.

4. I have reviewed the Claim, a true and correct copy of which is attached to the Motion and identified by the Court's docket number pursuant to Local Bankruptcy Rule 3007-1.

5. By failing to attach the document which forms the very basis for the Claim – the promissory note - the Claimant has failed to meet the requirements of Bankruptcy Rule 3001. The Claim also fails to attach any documents indicating whether any payments were made on the alleged "loan". Therefore, the documentation provided by the Claimant is insufficient to establish (a) that a loan actually existed between Debtor and the Claimant, (b) the original amount of such loan, or (c) the amount of such loan as of the Petition Date. Because Bankruptcy Rule 3001 requires Claimant to have attached the promissory note, the Trustee requests that the Claim be disallowed entirely.

6. In the event the Claim is allowed at all, it should be substantially reduced in amount. A review of the documentation attached to the Claim shows that much of the documentation has no reference to any loan and some of the payments were not even

made to Debtor (e.g., the Claim attaches copies of checks issued to Behrouz Shafie, an individual, and to the Law Offices of Michael L. Abrams, for legal services). There is a total of $425,000 in payments made to Debtor which reference the word "loan". In addition, one of the documents references "Loan return" which seems to suggest that the Claimant was paying Debtor back for a loan that Debtor made to the Claimant.

7. Finally, in his original bankruptcy schedules, Debtor scheduled the amount of the debt as $400,000. A true and correct copy of the relevant portion of Schedule F is attached as Exhibit "A."

8. The Claim should be disallowed entirely based upon the failure to provide evidence of a promissory note to establish a loan between Debtor and the Claimant. Alternatively, if the Claim is allowed, it should be reduced to the amount of $400,000 since Debtor scheduled the debt at $400,000. Moreover, only $425,000 of the amounts asserted by Claimant have documents which reference the word "loan".

9. The Trustee reserves the right to further object to the Claim on any other grounds to the extent he determines an objection is warranted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of August, 2017, at Costa Mesa, California.

                                        /s/ Reem J. Bello
                                          Reem J. Bello

# EXHIBIT "A"

B6F (Official Form 6F) (12/07)

In re __Albert Talassazan_____,   Case No. _____
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br>Abraham Talassazan<br>485 7th Avenue<br>Suite 777<br>New York, NY 10018 | - | | | Personal loans for rent, living expenses, legal fees | | | | 400,000.00 |
| Account No. xx0005<br>Albert Toubia, DDS<br>436 N. Roxbury Drive<br>Beverly Hills, CA 90210 | - | | | 02/2011<br>Dental Services | | | | 2,196.00 |
| Account No.<br>Alberto Makali<br>242 W. 36th Street<br>New York, NY 10018 | - | | | Goods | | | | 49,000.00 |
| Account No. xxxxxxxxxxxx9313<br>American Express<br>Po Box 3001<br>16 General Warren Blvd<br>Malvern, PA 19355 | - | | | Opened 6/15/05 Last Active 2/01/10<br>Credit Card | | | | 0.00 |
| __14__ continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | 451,196.00 |

| In re: | | CHAPTER: **7** |
|---|---|---|
| **Albert Talassazan,** | Debtor(s). | CASE NUMBER 2:13-bk-37216 RK |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950**
**Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled **MOTION FOR ORDER DISALLOWING CLAIM NO. 10-1 (ABRAHAM TALASSAZAN); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF REEM J. BELLO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 23, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **August 23, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 23, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

(Via Attorney Service)
The Honorable Robert N. Kwan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1682 / Courtroom 1675
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/23/2017 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **9013-3.1.PROOF.SERVICE**

| In re:<br>**Albert Talassazan,**<br><br>Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **2:13-bk-37216 RK** |
|---|---|

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Reem J Bello**    rbello@lwgfllp.com, kadele@wgllp.com;lfisk@wgllp.com
- **Gregory Carpenter**    gcarpenter@mgae.com
- **Douglas V Dukelow**    , doug.dukelow@gmail.com
- **Jeffrey I Golden**    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
- **Christopher J Green**    cgreen@bohmwildish.com, chrisgreen@ucla.edu;christopher-green-2815@ecf.pacerpro.com;KWinterson@mintz.com
- **Sam S Leslie**    admin@leaaccountancy.com
- **Kenderton S Lynch**    kenlynchlaw@aol.com
- **Jennifer A Marrow**    jmarrow@mgae.com
- **Peter J Mastan (TR)**    pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov


**2. SERVED BY UNITED STATES MAIL**:

Abraham Talassazan
7 Sinclair Drive
Great Neck, NY 11024

Abraham Talassazan
485 7th Avenue, Suite 777
New York NY 10018

Michael Vivoli, Esq.
Vivoli Saccuzzo, LLP
2550 Fifth Avenue, Suite 709
San Diego, CA 92103

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**